IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THINH TRAN, MY VAN TRAN, and XUAN THI NGUYEN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:11-CV-2327-L** |
| DISCOVERY BANK, DISCOVER FINANCIAL SERVICES, DALLAS COUNTY PRECINCT 1 AND PRECINCT 3 CONSTABLES, in official capacity, ANH REGENT, LAW OFFICES OF ANH REGENT & ASSOCIATES, and JAMES MOORE, | § § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs' Motion to Remand to State Court, filed September 26, 2011. After carefully reviewing the motion, Defendants' response, record, and applicable law, the court **denies without prejudice** Plaintiffs' Motion to Remand to State Court.

**I.    Factual and Procedural Background**

Plaintiffs Thinh Tran, My Van Tran, and Xuan Thi Nguyen (collectively "Plaintiffs") filed the underlying state court action against Defendants Discovery Bank; Discover Financial Services; Dallas County Precinct 1 and Precinct 3 Constables; Ahn Regent; Law Offices of Ahn Regent & Associates; and James Moore (collectively "Defendants") on January 25, 2011, asserting various state causes of action. Plaintiffs contend that the sale by Defendants of United States Marine Staff Sergeant Thinh Tran's home and the eviction of Tran's elderly father, My Van Tran, from that

**Memorandum Opinion and Order – Page 1**

residence was unlawful. Plaintiffs filed a First Amended Petition on August 29, 2011, to add federal claims under the Fair Debt Collection Practices Act ("FDCPA"), the Fifth Amendment to the United States Constitution, and 42 U.S.C. §§ 1983 and 1988.

On September 9, 2011, Defendants Discover Financial Services and Discovery Bank filed a notice of removal based on federal question jurisdiction, citing only Plaintiffs' FDCPA claim. Defendants Discover Financial Services and Discovery Bank subsequently supplemented their notice of removal on September 26, 2011, to show that necessary consents for all of the defendants had been obtained.

On September 13, 2011, Plaintiffs filed a Second Amended Complaint to remove the FDCPA claim. On the same day, Plaintiffs filed their motion to remand the case, contending that: (1) Plaintiffs were no longer asserting a FDCPA claim, making remand of Plaintiffs' state claims proper; (2) Defendants used the removal process to frustrate or delay the prosecution of Plaintiffs' claims; and (3) Defendant James Moore's consent to remove the case involved misconduct on the other Defendants' part.

Defendants responded on September 26, 2011, contending that remand is not proper because Plaintiffs' Second Amended Complaint still included federal claims other than the FDCPA claim. On September 27, 2011, Plaintiffs moved for leave to amend their pleadings again in order to remove the remaining federal claims alleged. According to Plaintiffs' motion for leave and certificate of conference, Defendants are opposed to the motion. As of the date of this order, Defendants' deadline for filing a response to Plaintiffs' motion for leave to amend has not yet expired.

**Memorandum Opinion and Order – Page 2**

**II.     Analysis**

Although Defendants' notice or removal only referred to Plaintiffs' FDCPA claim, and Plaintiff did not assert a FDCPA claim in his Second Amended Complaint, Defendants correctly note that Plaintiffs' Second Amended Complaint still includes federal claims under the Fifth Amendment to the United States Constitution and 42 U.S.C. §§ 1983 and 1988. Accordingly, based on Plaintiffs' live pleadings, the court has federal question and removal jurisdiction under 28 U.S.C. §§ 1331 and 1446(b) over Plaintiffs' claims that arise under the Constitution, laws, or treaties of the United States. Plaintiffs did not move for leave to amend their complaint to delete the remaining federal claims until after filing a motion to remand. Plaintiffs' motion for remand is therefore premature. The court further determines that Plaintiffs' unsubstantiated assertions regarding Defendants' alleged misconduct and motives for removing the case are not a valid basis for remanding the case.

**III.    Conclusion**

For the reasons explained, Plaintiffs' Motion to Remand to State Court is **denied without prejudice**. After Defendants file a response to Plaintiff's Motion for Leave to File a Third Amended Complaint, Plaintiffs may reurge their motion to remand. If such motion is filed, the court will reconsider the issue of remand.

**It is so ordered** this 29th day of September, 2011.

Sam A. Lindsay
United States District Judge