IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **THINH TRAN, MY VAN TRAN, and** **XUAN THI NGUYEN**, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:11-CV-2327-L** |
| **DISCOVERY BANK, DISCOVER FINANCIAL SERVICES, DALLAS COUNTY PRECINCT 1 AND PRECINCT 3 CONSTABLES, in official capacity, ANH REGENT, LAW OFFICES OF ANH REGENT & ASSOCIATES, and JAMES MOORE,** | § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Reconsideration, filed November 13, 2011. (Doc. 35). For the reasons herein explained, the court **denies** Plaintiffs' Motion for Reconsideration.

In their Motion for Reconsideration, Plaintiffs request that the court reconsider its prior November 8, 2011 ruling and order denying their request for attorney's fees incurred in conjunction with the removal and remand of this case. In ruling on their Motion for Reconsideration, Plaintiffs request that the court consider their "Motion that Discover Defendants Pay Plaintiffs' Attny [sic] Fees Associated With Removal," filed on November 12, 2011, after the court had already denied their request for attorney's fees.

Plaintiffs contend in their November 12, 2011 motion that they are entitled to an award of attorney's fees because "unusual circumstances" exist for such an award. Plaintiffs contend that the following circumstances constitute "unusual circumstances": (1) "Discover would easily have won

a limitations-based motion for summary judgment on Plaintiffs' federal fair collections claim; its use of the claim as a removal ground, instead, is proof of [sic] that it removed for the purposes of delay."; (2) "Discover's unjustified opposition to Plaintiffs' motion for leave to file a third amended complaint"; (3) "Discover's use of Plaintiffs' addition of a federal cause of action as 'gotcha' grounds for accomplishing delay through removal seven months into this suit even though the added claim was peripheral, minor, and covered by other claims in the suit." Pl.'s Mot. Atty's Fees 1-3. For support, Plaintiffs rely on *Martin v. Franklin Capital Corporation*, 546 U.S. 132 (2005).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, however, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal. *See Martin*, 546 U.S. at 141; *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 133.

As noted in the court's November 8, 2011 order, the removal of this action by Defendants was precipitated by Plaintiffs' voluntary inclusion of federal claims in their amended state court pleadings. Thus, it was obvious on its face that Defendants had an **objectively reasonable basis** for removing the action. Plaintiffs offer no evidence and only conclusory assertions to support their contention that Defendants removed this action for purposes of delay. More curious is Plaintiffs' assertion that Defendants could have easily disposed of Plaintiffs' federal debt collection claim on

summary judgment. This appears to suggest that the claim was brought by Plaintiffs knowing that it had no basis in law or fact, which would mean that it is frivolous.

Furthermore, the court disagrees with Plaintiffs' assertion that Defendants' opposition to Plaintiffs' request to file a third amended complaint before the court ruled on the motion to remand constitutes unusual circumstances. Plaintiffs created this legal morass. But for the procedural missteps by Plaintiffs in attempting unsuccessfully to amend their pleadings to remove federal claims before moving to remand, Defendants would not have had the opportunity to oppose Plaintiffs' request, and Plaintiffs would not have incurred any attorney's fees in responding to Defendants' objection. Likewise, any delay in the proceedings in this regard is attributable to Plaintiffs' pleading errors that consumed the parties' time and that of the court's.

Thus, the court disagrees that unusual circumstances exist to warrant the imposition of attorney's fees and **denies** Plaintiffs' Motion for Reconsideration. Plaintiffs are further advised that they should stop "while they are ahead of the game" before the court imposes sanctions against them for filing frivolous motions that waste the parties' time and unnecessarily consume judicial resources. The court will not further address the issue of attorney's fees, and if Plaintiffs attempt to reurge the issue again, the court will impose sanctions as it deems appropriate.

**It is so ordered** this 16th day of November, 2011.

Sam A. Lindsay
United States District Judge